UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE STARGHILL,

    PLAINTIFF,

v.                                                 Case No. 2:05-72936

UNITED AIRLINES, INC., a foreign       Honorable Sean F. Cox
corporation,

    DEFENDANT.

_____/

# OPINION & ORDER
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    Plaintiff Denise Starghill filed this action against her former employer, Defendant United Airlines, Inc. ("United"), alleging that United retaliated against her for asserting her Workers' Compensation rights, in violation of M.C.L. §418.301(11). This matter is currently before the Court on United's Motion for Summary Judgment. The parties have fully briefed the issues and the Court held a hearing on September 28, 2006. For the reasons set forth below, United's motion shall be granted.

### I.   BACKGROUND

    Plaintiff worked for United from 1988 until November 2004. (Ex. 1 to Def.'s Br., Starghill Dep., at 11-12). During her employment with United, Plaintiff worked as a "Reservation Sales Service Representative." (*Id*.). That position entailed "[m]aking air and car reservations, data entry, using phone equipment, product knowledge, presenting products and closing sales." Plaintiff's work with customers was done entirely over the telephone. (*Id.)*.

Plaintiff testified that she was first injured in March 2000. She states that while she was talking to a customer on the telephone the customer made a loud sound into the telephone that caused her to suffer ear and neck problems. (*Id*. at 13-14). As a result of that injury, Plaintiff spent more than a month away from work, filed a workers' compensation claim, and received benefits. (*Id*. at 13-17).

To facilitate her return to work, the workers' compensation administrator purchased a chair to accommodate Plaintiff's complaints. (Pl.'s Response at ¶ 4). Plaintiff claims that on November 12, 2002, the chair broke while she was seated in it, aggravating her preexisting condition. (*Id*. at ¶ 5). She then filed a workers' compensation claim for aggravated damages. (*Id*. at ¶ 6).

Plaintiff remained off of work until early 2003. (Pl.'s Response Br. at 1). On February 3, 2003, the Plaintiff states that she injured herself at work again, when she attempted to retrieve a fallen pencil. (*Id*.).

On or about June 16, 2003, United's physician indicated that Plaintiff was fit to perform the sedentary duties of her job. (Pl.'s Response at ¶ 10). On April 6, 2004, Plaintiff was given a written "Direct Order" to report to work by April 12, 2004. (*Id*. at ¶ 13). Plaintiff reported for work on April 12, 2004, but went home ill after six hours. (*Id*. at ¶ 14). Plaintiff then produced doctor statements indicating that she would remain off of work for several months. (*Id*. at ¶ 15). Plaintiff admits that her sick leave was not approved. (*Id*. at ¶ 16).

On July 28, 2004, Plaintiff was forwarded a written "Direct Order" to report to a "Fact Finding Meeting" on August 5, 2004. (*Id.* at ¶ 18). United subsequently notified Plaintiff of an "Investigative Review Hearing on proposed level 5 discipline due to violation of United's Rules

of Conduct 3 & 4. Rule 3: 'Falsely claiming, a) sick leave pay, b) occupational injury leave pay, c) other paid leave, d) Workmen's Compensation benefits,' and 4). 'Furnishing false information concerning absences from work.'" (*Id*. at ¶ 19).

The hearing was held on November 4, 2004, and Plaintiff was ultimately discharged for violation of United's Rules of Conduct. (*Id*. at ¶ 20; *see also* Investigative Review Hearing Decision, attached as Ex. 5 to Def.'s Br.). As set forth in the Investigative Review Hearing Decision ("the Hearing Decision"), the hearing officer concluded that the evidence presented showed that, contrary to the information submitted by Plaintiff to United, Plaintiff did not have physical limitations that prevented her from performing the sedentary functions of her job, and therefore, Plaintiff violated Rules 3 and 4. (*Id*. at 7). The evidence presented at the hearing included a video tape of Plaintiff on December 9, 2003, taken just 5 days after Plaintiff provided medical documentation stating she was unable to work until March 2004. (*Id*. at 6). The Hearing Decision stated:

> [A]s shown in the videotape, you exhibited no signs of 'neck strain' or physical limitations. The videotape showed a full day of your engaging in the following physical activities: physically lifting trash bags and trash cans, regardless of weight and driving to the bank, doctor's office, shopping center, and a restaurant before returning home. In each instance, you showed no physical limitations and performed these activities with ease. Specifically, you frequently moved your head back and forth showing no limitations of neck movement. Also, you were observed easily using your back on several occasions to bend over; and you were observed in the shopping center reaching for items, using your back, arms and shoulders. Lastly, you were observed driving in your car alone which required physical activity.

The Hearing Decision also noted that Plaintiff's claimed inability to perform sedentary work was "contradictory to [her] travel activity." (*Id.* at 6). Evidence was presented that showed that during the time periods that Plaintiff claimed to be entirely unable to work, Plaintiff traveled

3

frequently to the following destinations: Atlanta, Hawaii, Los Angeles, Orlando, Tampa, Washington Dulles, and Las Vegas. (*Id*. at 2).

Plaintiff was given an opportunity to explain the information observed on the videotape and her travel activity, but she refused to do so and indicated she had no recollection of her travel. (*Id*. at 6). Plaintiff was terminated by United on November 4, 2004. (*Id*.).

Plaintiff filed this action against United on April 19, 2005, asserting that United terminated her in retaliation for her filing a workers' compensation claim, in violation of M.C.L. §418.301(11). On May 15, 2006, United filed the instant Motion for Summary Judgment, pursuant to FED. R. CIV. P. 56.

Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admission on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)).

## II.  ANALYSIS

Plaintiff claims that United retaliated against her for filing a worker's compensation claim in violation of M.C.L. § 418.301(11), which provides:

> A person shall not discharge an employee or in any manner discriminate against an employee because the employee filed a complaint or instituted or caused to be instituted a proceeding under this act or because of the exercise by the employee on behalf of himself or herself or others of a right afforded by this act.

In order to establish a prima facie case of retaliation, Plaintiff must prove that: 1) she asserted her right to workers' compensation benefits; 2) United knew that she had asserted her right to workers' compensation benefits; 3) Plaintiff suffered an adverse employment action; and 4) there was a causal connection between the protected activity (*i.e.*, the assertion of Plaintiff's right to workers' compensation benefits) and the adverse employment action. *Dortman v. ACO Hardware, Inc.*, 405 F.Supp.2d 812, 824 (E.D. Mich. 2005); *Chisolm v. Michigan AFSCME Council 25*, 218 F.Supp.2d 855, 873-74 (E.D. Mich. 2002); *Chiles v. Machine Shop, Inc.*, 238 Mich.App. 462, 470 (1999).

The burden is on the plaintiff to establish an illegal adverse employment action by the employer. *Dortman*, 405 F.Supp.2d at 823. "An 'adverse employment action' is an action which 'constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits.'" *Id.* (citing *White v. Burlington Northern & Santa Fe Railway Co.*, 364 F.3d 789, 797-98 (6th Cir. 2004)).

"The *McDonnell Douglas* burden shifting approach applies to workers' compensation retaliation claims." *Chisolm*, 218 F.Supp.2d 855. Thus, once a plaintiff establishes a prima facie

5

case, the *McDonnell Douglas* approach shifts the burden to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment decision. *Id*. "Once the defendant has met this burden of production, the plaintiff 'must be afforded the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons." *Id.*

In its Motion, United asserts that it is entitled to summary judgment because: 1) Plaintiff has failed to establish a prima facie case of retaliatory discharge; and 2) even if Plaintiff could establish a prima facie case of retaliatory discharge, United has a legitimate, nondiscriminatory reason for terminating Plaintiff.

A.   **Prima Facie Case of Retaliatory Discharge.**

As a preliminary matter, the only "adverse employment action" that Plaintiff has identified is Plaintiff's termination. In her brief, Plaintiff asserts that the "adverse employment action" at issue is "harassment and eventually employment termination." (Pl.'s Response Br. at 8). Plaintiff, however, has not provided any authority to establish that an alleged incident of "harassment," with no accompanying change in employment status, different responsibilities or any change in benefits, can be considered an adverse employment action actionable under the statute at issue in this case. Thus, the only adverse action at issue here is Plaintiff's termination.

It is undisputed that: 1) Plaintiff asserted her right to workers' compensation benefits, 2) United knew that Plaintiff had asserted such rights, and 3) Plaintiff was terminated. United asserts that it is entitled to summary judgment because Plaintiff cannot establish the final element of her prima facie case – a causal connection between Plaintiff's assertion of her right to workers' compensation benefits and her termination.

6

Plaintiff bears the burden of establishing a causal connection between the filing of a workers' compensation claim and the termination. *Chisolm*, 218 F.Supp.2d at 874; *Chiles*, 238 Mich.App. at 470.

Plaintiff asserts that she has established a causal connection between the protected activity and her termination. She asserts that after filing her claim for workers' compensation benefits she was "subjected to harassment" by United.[1] (Pl.'s Br. at 8). The only "harassment" alleged by Plaintiff, however, consists of: 1) United requiring Plaintiff to call in to United on days when she did not report to work; 2) "an accident report was delayed," and 3) United "demanded that Plaintiff return to work, contrary to her doctor's recommendation." (*Id*.).

With respect to United requiring Plaintiff to call in when she was not going to be at work, Plaintiff acknowledges that United's written policies and procedures require employees on a leave of absence due to illness to maintain contact with their supervisors. (*See* Pl.'s Br. at 1-2 & Ex. A to Pl.'s Br.) Plaintiff asserts that requiring her to call in daily was "excessive." (Pl.'s Br. at 2). Plaintiff has not submitted any evidence to show that United differentially enforced their call-in policy or that other employees who had not submitted workers compensation claims were

---

[1] Although Plaintiff has not asserted that the temporal connection between the filing of her claim and her termination establishes the requisite causal connection, United anticipated such an argument and provided authority to defeat such an argument under these facts. Michigan law is clear "that something more than a mere temporal connection is required to establish a causal connection between the filing of a workers' compensation claim and an adverse employment action." *Dortman v. ACO Hardware, Inc.*, 405 F.Supp.2d 812, 824 (E.D. Mich. 2005). In *Dortman*, the court concluded that the substantial length of time that passed between the plaintiff's filing of her claim and her termination, which was nine months, mitigated against any finding of causation. *Id.* Here, Plaintiff was discharged approximately *four years* after filing her first claim for workers' compensation benefits. Thus, the temporal connection does not provide a causal connection.

not required to call in on a daily basis during their leaves of absence. Thus, the fact that United enforced their policy and required Plaintiff to call in daily does not establish a causal connection between her claim for workers' compensation benefits and her termination.

Next, Plaintiff claims that she was somehow "harassed" because "an accident report was delayed." (Pl.'s Br. at 8). In her Response Brief, Plaintiff asserts that "at the time of the November 12, 2002 injury, an accident report was not filed timely by Defendant." (Pl.'s Br. at 2). She further states that "[t]he reason given for the delay was that shortly after the accident, Plaintiff's supervisor had a family emergency." (*Id*.). Starghill does not appear to contest the truthfulness of United's alleged reason for the alleged delay, nor does she explain how a single delayed report could establish the requisite causal connection. Moreover, Starghill has not submitted any admissible evidence regarding the alleged late report. Accordingly, these unsupported allegations regarding a late report are insufficient to establish a causal connection between the protected activity and Plaintiff's termination.

Finally, Plaintiff asserts that United "demanded that Plaintiff return to work, contrary to her doctor's recommendation." (Pl.'s Br. at 8). Again, however, Plaintiff submitted no admissible evidence to support these allegations. Moreover, Plaintiff has not cited any authority for the proposition that a plaintiff can establish the requisite causal connection simply by showing that a company's independent medical examiner reached an opinion that conflicted with a plaintiff's own physician.

The Court therefore concludes that Plaintiff has failed to meet her burden of establishing the fourth element of a prima facie case of retaliatory discharge – a causal connection between the filing of Plaintiff's workers' compensation claim and her termination. Accordingly, United is

entitled to summary judgment on this ground.

**B.      Legitimate Business Purpose for Plaintiff's Termination**.

United contends that even if Plaintiff could establish a prima facie case of retaliatory discharge, United would still be entitled to summary judgment because United has a legitimate, nondiscriminatory reason for her discharge.  As set forth above, once a plaintiff establishes a prima facie case of retaliatory discharge, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment decision.  *Chisolm*, 218 F.Supp.2d 855.  Here, United asserts that it has articulated a legitimate, nondiscriminatory reason for Plaintiff's discharge – in violation of United's written rules and procedures, Plaintiff furnished false information to United regarding her fitness to perform the duties of her position.

"Once the defendant has met [its] burden of production, the plaintiff 'must be afforded the opportunity to prove by a **preponderance of the evidence** that the legitimate reasons offered by the defendant were not its true reasons."  *Chisolm*, 218 F.Supp.2d 855 (emphasis added).

Because United has satisfied its burden of production, Plaintiff must demonstrate, by a preponderance of the evidence, that United's stated reason for terminating her was a pretext for illegal conduct.

A plaintiff can establish that a defendant's articulated legitimate, nondiscriminatory reasons are pretexts: 1) by showing the reasons have no basis in fact; 2) if they have a basis in fact, by showing that they were not the actual factors motivating the decision, or 3) if they were factors, by showing that they were jointly insufficient to justify the decision.  *Feick v. Monroe Co.*, 229 Mich.App. 335, 343 (1998).  The plaintiff must introduce admissible evidence to show that the defendant's proffered reason was not the true reason for the employment decision *and*

9

that retaliation was the true motivation driving the employer's determination: "[E]stablishing that the employer's reason was a pretext requires that a plaintiff do more than simply impugn the legitimacy of the asserted justification; in addition, the plaintiff must also adduce evidence of the employer's [retaliatory] animus." *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 804 (6th Cir. 1994).

Here, Plaintiff asserts that United's "reason for termination was not based in fact." (Pl.'s Response Br. at 9). Plaintiff then asserts that "[t]here is no evidence that Plaintiff filed a false claim violating Rule 3 or that she violated Rule 4 by supplying false information." (*Id.*) Plaintiff further claims that "[i]n fact, Plaintiff's claim is supported by medical documentation, received by the Defendant, that DENISE STARGHILL was physically unable to return to work from Plaintiff's doctor." (*Id.*). Plaintiff, however, did not submit any such evidence with her Response Brief. The only admissible evidence that Plaintiff presented in support of her position that United's reason for terminating her was not based in fact is the deposition testimony of two witnesses, Terrance Landowski and Collette Jackson.

Plaintiff claims that Mr. Landowski's testimony supports her position that her claimed inability to work was not contradicted by her flying activity. Plaintiff, however, only submitted one page of Mr. Landowski's deposition transcript and that one page does not provide any foundational information regarding Mr. Landowski or his employment or experience with United. Mr. Landowski simply agrees that flying in a first class seat is "pretty comfortable"and that other than sitting in an upright position, flying is not similar to "doing her[2] job during an eight-hour day."

---

[2]Presumably he is speaking about Plaintiff's job.

Plaintiff also claims that Jackson's testimony, in which Jackson states that she does not know how much the trash cans depicted in the videotape weighed, shows that United's reason for terminating her is unsupported.

Plaintiff does not deny the authenticity of the surveillance videotape or deny that her travel activity that was considered, among other things, by the hearing officer who upheld her termination. Rather, she simply offers the testimony of Mr. Landowski and Ms. Jackson in an attempt to discredit the weight given to the tape by the hearing officer, after the fact. At the actual hearing, however, Plaintiff was given an opportunity to explain the information observed on the videotape, and her travel activity, but Plaintiff refused to do so.

Moreover, "as long as an employer has an honest belief in its proffered nondiscriminatory reason for discharging an employee, the employee cannot establish that the reason was pretextual simply because it was ultimately shown to be incorrect." *Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1117 (6th Cir. 2001). No evidence has been presented in support of an argument that United did not have an honest belief in the reason given for Plaintiff's termination.

In addition, Plaintiff has failed to adduce any evidence of a retaliatory animus by United. Because Plaintiff has utterly failed to "do more than simply impugn the legitimacy of the asserted justification," by "adduc[ing] evidence of the employer's [retaliatatory] animus," pretext has not been shown. *See Pierce*, 40 F.3d at 804.

Accordingly, the Court concludes that even if Plaintiff could establish a prima facie case of retaliatory discharge, United would still be entitled to summary judgment because United has a legitimate, nondiscriminatory reason for her discharge and Plaintiff has not met her burden of

establishing by a preponderance of the evidence that the stated reason is pretextual.

### III.  CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Summary Judgment [Docket Entry No. 14] is hereby **GRANTED**.

                                                        S/Sean F. Cox
                                                        Sean F. Cox
                                                        United States District Judge

Dated:  October 2, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 2, 2006, by electronic and/or ordinary mail.

                                                        S/Jennifer Hernandez
                                                        Case Manager